# United States District Court
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| National City Bank of Pennsylvania | Case No. 1:06-cv-00588 |
| Plaintiff | District Judge Patricia A. Gaughan |
| vs. | |
| Sandra A. Howe, et al. | **DEFAULT JUDGMENT AND DECREE IN FORECLOSURE** |
| Defendants. | |

UNITED STATES DISTRICT JUDGE PATRICIA A. GAUGHAN

This matter is before the Court on the motion of Plaintiff National City Bank of Pennsylvania's Motion for Default Judgment and Decree in Foreclosure, to obtain judgment upon the Note as described in the Complaint, to foreclose the lien of the Mortgage securing the obligation of such Note upon the real estate described herein, and to require all parties to set up their claims to the real estate or be barred.

The Court finds that:

1. The following defendants are in default of Motion or Answer:

    a. Sandra A. Howe and

2. The Clerk's Entry of Default was filed herein on April 10, 2006.

The Court finds that Sandra A. Howe executed the promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments on or before the date such payments were due. The Court further finds that Plaintiff is the owner

and holder of the Note and that the sums due under the Note were accelerated in acordance with the terms of the Note and Mortgage.  The Court further finds that Sandra A. Howe executed and delivered the mortgage referenced in the Complaint (the "Mortgage"), that Plaintiff is the owner and holder of the Mortgage, and that the Mortgage secures the amounts due under the Note.

The Court finds that the Note and Mortgage are in default.  The Court further finds that there is due on the Note principal in the amount of $107,555.87 plus interest on the principal amount at the rate of 7.125% per annum from September 1, 2005.  The Court noes that all personal obligations of Sandra A. Howe on the Note have been discharged under the United States Bankruptcy Code.  As a result, the Court does not grant personal judgment against Sandra A. Howe.

The mortgage constitutes a valid and first lien upon the following described premises (the "Property"):

Parcel No. 1

Situated in the City of Berea, County of Cuyahoga and State of Ohio;

And known as being part of Sublot Nos. 49 and 50 in Baldwin Institute Addition being a Subdivision of part of Original Middleburg Township Section No. 17, as shown by the recorded plat in Volume 1 of Maps, page 21 of Cuyahoga County Records, and together forming a parcel of land bounded and described as follows:

Beginning at an iron pin set in the Northwesterly line of Prospect Street (66 feet wide) at the most Easterly corner of a parcel of land conveyed to Laurel Carter and Gladys Carter by deed dated March 4, 1935 and recorded in Volume 4472, page 570 of Cuyahoga County Records, said place of beginning being also distant North 37 degrees 30' 00" East measured along the Northwesterly line of said Prospect Street, 92.10 feet from a stake set at its intersection with the Northerly line of West Street (60 feet wide);

Thence North 37 degrees 30' 00" East along the Northwesterly line of said Prospect Street 55 feet to a stake set;

Thence North 52 degrees 30' 00" West 117.50 feet to an iron pin set;

Thence North 84 degrees 49' 05" West 56.21 feet to an iron pin set;

Thence South 37 degrees 30' 00" West 27.73 feet to an iron pin set at an exterior corner of the parcel conveyed to Laurel Carter and Gladys Carter as aforesaid;

Thence South 53 degrees 28' 00" East along the Northeasterly line of said parcel so conveyed to Laurel Carter and Gladys Carter 165.02 feet to the place of beginning, be the same more or less, but subject to all legal highways.

Parcel No. 2

Situated in the City of Berea, County of Cuyahoga and State of Ohio:

And known as being part of Sublot No. 49 in Baldwin Institute Addition of part of Original Middleburg Township Section No. 17, as shown by the recorded plat in Volume 1 of Maps, page 21 of Cuyahoga County Records, bounded and described as follows:

Beginning at an iron pin set in the Easterly line of a parcel of land conveyed to John W. and Nellie Blair by deed recorded in Volume 2104, page 101 of Cuyahoga County Records distant North 00 degrees 29' 10" West, 149.30 feet from its intersection with the Northerly line of West Street;

Thence Northerly along the Easterly line of said land conveyed to John W. and Nellie Blair, 49.93 feet to a point;

Thence South 84 degrees 49' 05" East 83.57 feet to an iron pin set;

Thence South 37 degrees 30' West 53.22 feet to an iron pin set;

Thence North 69 degrees 58' 40" West 32.40 feet to the beginning, according to the Survey of Warren J. Root, Civil Engineer and Surveyor, be the same mroe or less, but subject to all legal highways.

Parcel Number:  363-13-021

Commonly known as:  96 Prospect Street, Berea, Ohio

Taking as true the allegations contained in plaintiff's complaint, the Court finds that the Mortgage was filed for record on March 25, 2003, and recorded as Instrument Number 200303250974 in the Cuyahoga County Recorder's Office; that the mortgage, together with the Note, was assigned to the Plaintiff by an Assignment of Mortgage filed for record on February 10, 2006 as Instrument Number 200602100048 in the Cuyahoga County Recorder's Office; that

the conditions of said Mortgage have been broken; and that Plaintiff is entitled to have the equity of redemption of the defendant-titleholder foreclosed.

The Court acknowledges that as the result of scrivener's error, excusable neglect, and mutual mistake of fact between the parties thereto, the Mortgage contained an incorrect legal description.  Because this mistake was the result of a scrivener's error, excusable neglect, and mutual mistake of fact between the partes, the Court finds that Plaintiff is entitled to have the Mortgage reformed.  Therefore, the Court hereby reforms the legal description in the Mortgage to match the legal description as described previously in this Judgment Entry.

**IT IS THEREFORE ORDERED,** that unless the sums hereinabove found to be due to Plaintiff National City Bank of Pennsylvania, and the costs of this action, be fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant-titleholder in said real estate shall be foreclosed and the real estate sold, free and clear of the interest of all parties herein, and an order of sale shall issue to the Master Commissioner, directing him to appraise, and sell same at public sale, as upon execution and according to law, after having the property advertised according to law, particularly 28 U.S.C. §§ 2001 and 2002.  The Master Commissioner shall report his proceedings to this Court.

**ORDERED FURTHER**, that the Master Commissioner shall send counsel for the party requesting the Order of Sale a copy of the publication notice promptly upon its first publication.

In the event that an Order of Sale is returned by the Master Commissioner unexecuted, subsequent Orders of Sale shall issue in accord with the Court's instructions.

**ORDERED FURTHER**, that the Master Commissioner, upon confirmation of said sale, shall pay from the proceeds of said sale, upon the claims herein found, the amounts thereof in the following order of priority:

1. To the Treasurer of Cuyahoga County, the taxes and assessments, due and payable as of the date of transfer of the property after the Master Commissioner's Sale.

2. To the plaintiff National City Bank of Pennsylvania, the sum of $107,555.87, with interest at the rate of 7.125 percent per annum from September 1, 2005.

3. To Plaintiff the sums advanced for real estate taxes, hazard insurance and property protection.

4. The balance of the sale proceeds, if any, shall be held by the Master Commissioner to await further orders of distribution by this Court.

The purchaser of the property being sold is hereby subrogated to all rights of the lienholders in the premises to the extent of such payment and for the protection of its title.

Because Plaintiff is the first and best lienholder junior only to real estate taxes, if it is the successful bidder at the Master Commissioner's sale, Plaintiff shall not be required to make a deposit at the time of sale.  Plaintiff shall pay the balance of all the Master Commissioner's costs due and owing, and real estate taxes due and payable, when they are ascertained.

Upon distribution of the proceeds of sale as described above and entry of an order confirming the sale and ordering a deed to the purchaser, a certified copy of the entry shall be issued to the Cuyahoga County Recorder directing him or her to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

**IT IS SO ORDERED.**

**DATE:** 9/29/06

/s/ Patricia A. Gaughan
JUDGE PATRICIA A. GAUGHAN 6

G:\Cases - TM\06-00969\renewed proposed order-060928-KW.WPD